# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| WALLACE N. PUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   17-cv-1006 |
| | ) | |
| PAUL THOMPSON, Acting Warden of | ) | |
| FCI Pekin, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on the Petitioner's Motion For Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 12). For the reasons that follow, the motion is DENIED.

### LEGAL STANDARDS

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant clearly establishes that the court made a manifest error of law or fact, or presents newly discovered evidence. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

### BACKGROUND

On April 29, 2015, Petitioner entered into a plea agreement with the Government, in which Petitioner agreed to plead guilty to the offense of possessing

1

28 or more grams of crack cocaine with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (See Doc. 11, No. 2:14-cr-20075-CSB-DGB (C.D. Ill.)). The agreement noted that notice had been previously given pursuant to 21 U.S.C. § 851. Indeed, on April 8, 2015, the Government filed a Notice of Prior Convictions that had the potential to subject Petitioner to an enhanced sentence. (See Doc. 10, No. 2:14-cr-20075-CSB-DGB (C.D. Ill.)). The agreement provided that Petitioner could face a sentence of anywhere between a mandatory minimum of ten years and a maximum of life imprisonment. The agreement also provided that Petitioner understood that the Court was not bound by any recommendations of the parties and was free to impose whatever sentence it deemed appropriate up to the statutory maximum. The agreement also provided that Petitioner was knowingly and voluntarily waiving the right to appeal and to collaterally attack any and all issues relating to the plea agreement and conviction and to the sentence. (Doc. 11 at 11-12, No. 2:14-cr-20075-CSB-DGB (C.D. Ill.)). Petitioner affirmed under oath before his sentencing court that he was knowingly and voluntarily pleading guilty. He was found to be competent to enter his plea of guilt, advised of his rights, charges and possible penalties in open court. The sentencing court accepted the written plea agreement.

Petitioner had at least two "controlled substance offenses" prior to his federal conviction. The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled

substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. §4B1.2. In 2002, Petitioner pled guilty to the Illinois offense of possession of a controlled substance with intent to deliver, for which he was sentenced to four and a half years' incarceration. (Doc. 8 at 9). In 2007, Petitioner pled guilty to the Illinois offense of possession of a controlled substance with intent to deliver again, for which he was sentenced to seven years' incarceration. (Doc. 8 at 10). These offenses were listed in Petitioner's presentence report. No objection was made to the presentence report. (Doc. 8 at 22). The presentence report recommended a guidelines imprisonment range of 262 months to 327 months. (Doc. 8 at 18). However, the court sentenced Petitioner to a term of 204 months imprisonment. (Doc. 6-1 at 4).

On January 9, 2017, Petitioner filed a petition under § 2241 attacking his sentence on the grounds that his career-offender predicates do not qualify under U.S.S.G. §§ 4B1.1 and 4B1.2 under the precedent of the recent cases *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). The Court denied the motion as it found that Petitioner was bound by a collateral relief waiver he made as part of his plea agreement. It also found that Petitioner could not make use of a § 2241 petition in lieu of a § 2255 motion because Petitioner had failed to satisfy the requirements of *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). Finally, the Court found that Petitioner's substantive failed anyway as the Illinois controlled substance offenses were not broader than the controlled substance offense definition provided for in the Guidelines.

## DISCUSSION

Petitioner argues now on reconsideration, for the first time in this litigation, that the Court should not enforce the collateral relief waiver Petitioner agreed to as part of his plea agreement. He argues that he is not bound by the waiver because he can show cause and prejudice for his procedural default. Petitioner conflates the separate issues of waiver and procedural default, and he also misunderstands what is required when requesting reconsideration.

First, a party may not ask for reconsideration on grounds that could have been presented earlier, but were not. *United States v. 47 West 644 Route 38, Maple Park, Illinois*, 190 F.3d 781, 783 (7th Cir. 1999) ("A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment.") cited by *Gibson v. Kreischer*, No. 15-CV-783-BBC, 2016 WL 3748650, at *1 (W.D. Wis. July 8, 2016). Petitioner should have addressed waiver in his petition. He failed to do so. That was excusable. After the Government raised the issue in its Response, the Petitioner should have addressed it in his "Traverse." Yet he did not. That was inexplicable. Now he seeks to litigate the issue having failed to address it twice before and once it has been decided against him. This is unallowable. *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) ("Arguments raised for the first time in connection with a motion for reconsideration, however, are generally deemed to be waived."). In any event, Petitioner still has failed to address any of the exceptions to enforcing a collateral relief waiver, all of which were laid out for his review by the Government in its Response. (*See* Doc. 6 at 14-15).

Second, Petitioner cannot show any cause and prejudice because the Court specifically found that the substance of his claims was without merit. The Illinois controlled substance offenses for which Petitioner was convicted and which were used to find him to be a career offender, were not broader in scope than the "controlled substance offense" definition provided for in the Guidelines. (*See* Doc. 10 at 7). Moreover, since he was sentenced within the statutory range and below the calculated guideline range for an offense to which he pled guilty, he can hardly be heard to claim that his sentence was a miscarriage of justice.

Finally, and more to the point of the standard of a motion for reconsideration, Petitioner does not contend anywhere in his motion that the Court made any manifest errors of fact or law, so the motion fails for that reason as well.

## CONCLUSION

For the reasons given above, the Court finds Petitioner is not entitled to reconsideration of this Court's disposition of his Petition for Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Thus, Petitioner's Motion for Reconsideration (Doc. 12) is DENIED. SO ORDERED.


Entered this 17th day of May, 2017.


s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge